Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8809 | **DATE** | 3/26/2002 |
| **CASE TITLE** | ANTHONY GALLO, et al vs. ACE COFFEE BAR, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to April 30, 2002 at 9:00 a.m. Enter Amended Memorandum Opinion And Order. Defendants' motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 27 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

ANTHONY GALLO and DAVID YOSHIKANE, )
)
Plaintiffs, )
) No. 01 C 8809
v. )
) Judge John W. Darrah
ACE COFFEE BAR, INC., a Delaware corporation, )
)
Defendant. )

## AMENDED MEMORANDUM OPINION AND ORDER

Plaintiffs, Anthony Gallo ("Gallo") and David Yoshikane ("Yoshikane"), filed a four-count complaint against Defendant, Ace Coffee Bar ("Ace"), alleging discrimination in violation of the American with Disabilities Act, 42 U.S.C. 12101 *et seq.*, and retaliatory discharge under state law. Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995) (*Curtis*). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

Plaintiffs' Complaint supports the following summary of the conduct of the parties.

In November 1999, while in Ace's employ, Gallo fell from one of Ace's trucks and tore his rotator cuff. In March 2000, Gallo was diagnosed with carpel tunnel syndrome. Around this same time, Gallo asserted his rights under the Illinois Workers' Compensation Act and filed an Application for Adjustment of Claim against Ace. On August 8, 2000, before Gallo was able to return to work, Ace terminated Gallo's employment in retaliation for filing a workers' compensation

claim and because of his disabilities.

In April 2000, while in Ace's employ, Yoshikane stepped down from one of Ace's trucks and twisted his knee and tore the meniscus. That same month, Yoshikane asserted his rights under the Illinois Workers' Compensation Act and filed an Application for Adjustment of Claim against Ace. On August 8, 2000, before Yoshikane was able to return to work, Ace terminated Yoshikane's employment in retaliation for filing a workers' compensation claim and because of his disability.

Defendant argues that Plaintiffs' ADA claims fail to state a cause of action.

Under the ADA, a plaintiff must allege that he is a "qualified individual with a disability". *Duda v. Board of Educ. of Franklin Park Public Sch. Dist. 84*, 133 F.3d 1054, 1059 (7th Cir. 1998) (*Duda*). A qualified individual is a person that has the requisite skill, experience, education, and other job related requirements of the position and who can perform the essential functions of the position with or without accommodation. *Duda*, 133 F.3d at 1058.

Defendant argues that plaintiffs are not "qualified individuals" because they pled that they were unable to return to work at the time of their discharge; therefore, they were unable to perform essential functions of their positions.

Defendant's argument at this stage of the litigation is meritless. Plaintiffs did plead that they were terminated while on disability leave. However, they also pled that Defendant could have accommodated their disabilities and that such accommodation would not have caused Defendant any undue hardship. It can reasonably be inferred that the Defendant failed to do so. Therefore, the factual question of whether Plaintiffs were qualified individuals under the ADA is not properly addressed at this stage of the litigation. *See Duda*, 133 F.3d at 1059-60 (reversing dismissal of ADA claim); *Homeyer v. Stanley Tulchin Assoc., Inc.*, 91 F.3d 959, 962-63 (7th Cir. 1996) (*Homeyer*) (fact

based inquiry and determination of disability under the ADA are "generally not motion to dismiss territory").

Defendant next argues that the ADA claims should be dismissed because Plaintiffs failed to allege that they requested an accommodation.

As stated above, Plaintiffs alleged that Defendant could have accommodated their disabilities and that such accommodation would not have caused Defendant any undue hardship. While Plaintiffs did not specifically plead that they requested an accommodation, it can be inferred that they did so, and this ambiguity must be construed in favor of the Plaintiffs. *See Curtis*, 48 F.3d at 283.

Lastly, as to Plaintiffs' ADA claims, Defendant argues that Plaintiffs' injuries do not constitute a disability under the ADA.

The ADA defines a disability as a "physical or mental impairment that substantially limits one or more major life activities of such individuals." 42 U.S.C. § 12102(2)(A). The determination of disability must be made on an individualized, case-by-case basis. *Homeyer*, 91 F.3d at 962. As such, the determination of whether a plaintiff suffers from a disability under the ADA is generally not appropriate in a motion to dismiss. *See Homeyer*, 91 F.3d at 962.

In the instant case, Plaintiffs have alleged that they have disabilities. The Plaintiffs may be able to show that these disabilities affect a major life activity. At this stage of litigation, this Court cannot conclude that Plaintiffs cannot prove facts to support their claims. Accordingly, Plaintiffs' ADA claims are not dismissed. *See Homeyer*, 91 F.3d at 962; *Carroll v. Chicago Transit Authority*, 2002 WL 206064 (N.D. Ill. Feb. 8, 2002) (denying motion to dismiss because plaintiff may be able to show that carpel tunnel syndrome was a disability under the ADA).

Defendant also seeks to dismiss Plaintiffs' state law retaliation claims. Defendant first argues

3

that the claims should be dismissed because they were not included in Plaintiffs' Equal Employment Opportunity Commission ("EEOC") charges.

Both Plaintiffs allege that they were fired in retaliation of filing workers' compensation claims. They both bring state law claims of retaliation based on this allegation. Plaintiffs' remedies under Title VII and the ADA are separate and independent from Plaintiffs' remedies available under state law. *See Juarez v. Ameritech Mobile Comm. Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Furthermore, the retaliation claims are not based on the alleged ADA discrimination or any type of discrimination. Instead, they are based on the separate action of filing a workers' compensation claim. Therefore, these state law claims that are unrelated to discrimination need not have been included in the EEOC charges.

Lastly, Defendant argues that Plaintiffs' retaliation claims should be dismissed because this Court lacks supplemental jurisdiction over the claims.

State law claims fall within a district court's supplemental jurisdiction if they are "so related to [the federal] claims ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999) (*Groce*). Generally, the district court will have supplemental jurisdiction if the state law claims arise out of the same set of facts as his federal claim. *See Groce*, 193 F.3d at 500.

In the instant case, Plaintiffs' ADA claims are based on injuries that resulted from an accident during their employment and the eventual termination of Plaintiffs because of these injuries. Plaintiffs' state law claims are based on the same accidents and injuries. Accordingly, this Court

4

has subject matter jurisdiction over these state law claims. *See Groce*, 193 F.3d at 500 (finding supplemental jurisdiction over state law retaliatory discharge claim).

For the reasons stated above, Defendant's Motion to Dismiss is denied.

Dated: March 26, 2002

JOHN W. DARRAH
United States District Judge